UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHARMAINE DONNA-MARIE COOKE,

                      Plaintiff,

-against-

CONSOLIDATED EDISON OF NEW YORK, INC.,

                      Defendant.

22-CV-2026 (GHW)(OTW)

**ORDER OF SERVICE**

**ONA T. WANG, United States Magistrate Judge:**

      Plaintiff brings this *pro se* action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17; the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621-634; and the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12112-12117, alleging that her employer discriminated against her based on her sex, age, and disability. By order dated March 14, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP).

      Because Plaintiff has been granted permission to proceed IFP, Plaintiff is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and complaint until the Court reviewed the complaint and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued. If the complaint is not served within that time, Plaintiff should request an

extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendant through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for the defendant. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon the defendant. Plaintiff must notify the Court in writing if her address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

The Clerk of Court is further instructed to complete the USM-285 form with the addresses for Consolidated Edison of New York, Inc. and deliver all documents necessary to effect service to the U.S. Marshals Service.

**SO ORDERED.**

Dated: March 24, 2022
      New York, New York

_s/ Ona T. Wang_
**Ona T. Wang**
United States Magistrate Judge

**DEFENDANT AND SERVICE ADDRESS**

Consolidated Edison of New York, Inc.
4 Irving Place, 18th Floor
New York, N.Y. 10003